IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Randy P. Hope,<br><br>      Plaintiff,<br><br>v.<br><br>Rock Hill School District III, Rebecca B. Partlow, Michael Cox, and Al Leonard,<br><br>      Defendants. | C/A No. 0:15-cv-2330-JFA<br><br>**ORDER** |

Randy P. Hope ("Hope") commenced this *pro se* action on June 9, 2015, against the defendants for alleged wrongful discharge from Rock Hill School District III. (ECF No. 1). In conjunction with the filing of his Complaint, Hope also filed an Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 3). The sole issue before the Court is Hope's request for indigent status.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should deny the request, finding that Hope has adequate funds to pay the $400 filing fee required by the District Court.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] As noted by the Magistrate, the Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed in forma pauperis is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL 503537, at *1 (4th Cir. July 16, 1999).

Hope was advised of his right to object to the Report, which was entered on the docket on June 22, 2015. (ECF No. 8). However, Hope did not file any objections. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the court adopts the Report and denies Hope's request for indigent status. The Magistrate also recommended that if this Court were to adopt the Report denying indigent status that Hope be given fourteen days to submit the required filing fee. However, the Court notes that Hope paid the required filing fee on July 6, 2015. (ECF No. 11).

IT IS SO ORDERED.

July 13, 2015  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge