IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Randy P. Hope,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Rock Hill School District III; Rebecca B. Partlow; Michael Cox; and Al Leonard,<br><br>　　　　Defendants. | C/A No. 0:15-2330-JFA-SVH<br><br><br>**ORDER** |

　　　　Randy P. Hope ("Hope"), proceeding *pro se*, filed an action alleging race discrimination against his former employer, Rock Hill School District III, and individual defendants Rebecca B. Partlow, Michael Cox, and Al Leonard Manuel ("Individual Defendants"). On February 15, 2016, Individual Defendants filed a motion to dismiss. (ECF No. 31). On February 16, 2016, because Hope is proceeding *pro se*, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response by March 21, 2016. (ECF No. 33). Hope was advised that if he failed to adequately respond, Individual Defendants' motion may be granted. Despite the specific warning and instructions set forth in this Court's *Roseboro* Order, Hope failed to respond to Individual Defendants' motion.

　　　　On March 25, 2016, this Court ordered Hope to advise whether he wished to continue his case against Individual Defendants. (ECF No. 35). Hope was given until April 8, 2016 to respond to this Court's order, but still failed to file any response. As a result, it appears to this Court that Hope does not oppose the motion and wishes to abandon this action against Individual Defendants.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Hope's action against Individual Defendants be dismissed with prejudice for failure to prosecute. (ECF No. 37). The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. Hope was advised of his right to object to the Report, which was entered on the docket on April 13, 2016. The Magistrate gave Hope until May 2, 2016 to file objections. However, Hope failed to file any objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 37). Hope's action against Individual Defendants in this case is dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

May 17, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).